IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| CESAR ALCOCER and | § | CASE NO: 18-32801-sgj-7 |
| MARIA ANTONIA ALCOCER, | § | |
| | § | |
| DEBTORS | § | |
| | § | (Chapter 7) |
| SCOTT M. SEIDEL, TRUSTEE | § | |
| Plaintiff | § | |
| | § | |
| v. | § | ADV. PROC. NO. _____ |
| | § | |
| ROZMEEN BHAI, ISMAIL BHAI, | § | |
| AND RAHEEL BHAI, | § | |
| Defendants | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

NOW COMES Scott M. Seidel (the "Trustee"), the duly appointed Chapter 7 Trustee of the bankruptcy estate of Cesar and Maria Alcocer (the "Debtors" or "Alcocers"), the Debtors in the above styled bankruptcy case, and files this his Original Complaint against Rozmeen, Ismail, and Raheel Bhai ("Defendants") as follows:

## PARTIES

1. Plaintiff Scott M. Seidel is the duly appointed Chapter 7 Trustee of the bankruptcy estate of Cesar and Maria Alcocer (the "Estate") and sues in his capacity as Trustee of the Estate and derivatively on behalf of Bebos, Inc., which at the petition date was solely owned and managed by the Debtors.

2. Defendant Rozmeen Bhai is an individual who can be served pursuant to Bankruptcy Rule 7004(b)(1) by mailing a copy of the Summons and this Complaint to her at her dwelling house at 2216 Glacier Court, Carrollton, Texas 75006 or usual place of abode or the place

PLAINTIFF'S ORIGINAL COMPLAINT - 1

where she regularly conducts a business or profession at 15305 Dallas Parkway, Suite 309, Addison, Texas 75001.

3. Defendant Ismail Bhai is an individual who can be served pursuant to Bankruptcy Rule 7004(b)(1) by mailing a copy of the Summons and this Complaint to him at his dwelling house at 2216 Glacier Court, Carrollton, Texas 75006 or usual place of abode or the place where he regularly conducts a business or profession at 15305 Dallas Parkway, Suite 309, Addison, Texas 75001.

4. Defendant Raheel Bhai is an individual who can be served pursuant to Bankruptcy Rule 7004(b)(1) by mailing a copy of the Summons and this Complaint to him at his dwelling house at 2216 Glacier Court, Carrollton, Texas 75006 or usual place of abode or the place where he regularly conducts a business or profession at 15305 Dallas Parkway, Suite 309, Addison, Texas 75001.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A)(E) and (O). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## FACTS

6. Cesar Alcocer and Maria Alcocer filed a petition under Chapter 7 of the Bankruptcy Code on August 26, 2018 (the "Petition Date") and are Chapter 7 Debtors in bankruptcy case number 18-32801. Plaintiff Scott M. Seidel is the duly appointed Chapter 7 Trustee of the Estate of Cesar and Maria Alcocer. Cesar Alcocer and Maria Alcocer are the sole shareholders of Bebos, Inc. ("Bebos"). The Debtors' interest in Bebos is property of the Estate pursuant to Section 541

of the Bankruptcy Code as are all claims accruing to the Debtors and Bebos prior to the Petition Date.

7. Rozmeen, Ismail, and Raheel Bhai hired Cesar Alcocer to perform repair work at the convenience store and gas station located at 2003 West 5th Street, Clifton, Texas (the "Property"). Mr. Alcocer expected to be paid for this work and Rozmeen, Ismail, and Raheel Bhai promised to pay him for his work. After he began working at the Property, however, Rozmeen Bhai, Ismail Bhai, and Raheel Bhai carried out a plan to sell their money-losing convenience store to the Alcocers at a large profit for themselves. Although the Alcocers had limited funds and spoke very little English, Rozmeen, Ismail, and Raheel Bhai's plan was to get the Alcocers to take out a loan and purchase the Property from them at an over-inflated price by misrepresenting the revenue, profit, and condition of the Property.

8. In the process, Rozmeen Bhai, Ismail Bhai, and Raheel Bhai made numerous fraudulent misrepresentations to Mr. Alcocer, Mrs. Alcocer, Bebos, Inc., and Newtek Small Business Finance, LLC ("Newtek"). Rozmeen Bhai, Ismail Bhai, and Raheel Bhai's fraudulent misrepresentations included without limitation the following. Rozmeen, Ismail, and Raheel Bhai fraudulently misrepresented the gross revenue that the Property generated by overstating the gross sales figures for the Property; Rozmeen, Ismail, and Raheel Bhai fraudulently misrepresented the profit that the Property generated by overstating the historical profit figures for the Property; Rozmeen, Ismail, and Raheel Bhai fraudulently misrepresented the profit that the convenience store generated by overstating the historical profit generated by the convenience store; Rozmeen, Ismail, and Raheel Bhai fraudulently misrepresented the expenses necessary to operate the Property by understating the historical expenses for the Property; Rozmeen, Ismail, and Raheel Bhai fraudulently misrepresented the present value of the Property by fraudulently overstating

earnings and profit projections for the Property; Rozmeen, Ismail, and Raheel Bhai fraudulently misrepresented the value of the furniture, fixtures, and equipment located at the Property; Rozmeen, Ismail, and Raheel Bhai fraudulently concealed and omitted material facts that they had a legal duty to disclose regarding the true annual and monthly revenue generated by the Property; Rozmeen, Ismail, and Raheel Bhai fraudulently concealed and omitted material facts regarding the true annual and monthly expenses necessary to operate the Property that they had a legal duty to disclose; Rozmeen, Ismail, and Raheel Bhai fraudulently concealed and omitted material facts regarding the true annual and monthly profit generated by the Property that they had a legal duty to disclose; Rozmeen, Ismail, and Raheel Bhai fraudulently concealed and omitted material facts regarding the condition of the Property that they had a legal duty to disclose; Rozmeen, Ismail, and Raheel Bhai fraudulently concealed and omitted material facts regarding hidden defects present at the Property that they had a duty to disclose; Rozmeen, Ismail, and Raheel Bhai fraudulently misrepresented that they would fix the roof of the property; and Rozmeen, Ismail, and Raheel Bhai fraudulently misrepresented the market and business conditions applicable to the Property.

9. Rozmeen, Ismail, and Raheel Bhai fraudulently sought a Small Business Administration ("SBA") loan for the purchase of their money-losing Property at an overstated value using Cesar and Maria Alcocer as the guarantors and their corporation Bebos, Inc. as the borrower. In the process, Rozmeen, Ismail, and Raheel Bhai made fraudulent misrepresentations in projections and in appraisals and other valuations of the Property. Rozmeen, Ismail, and Raheel Bhai also made fraudulent misrepresentations in appraisals and other valuations of the furniture, fixtures, equipment, and personal property located at the Property. Rozmeen, Ismail, and Raheel

Bhai also made fraudulent misrepresentations in appraisals and other valuations of the income generated by the Property.

10. Rozmeen, Ismail, and Raheel Bhai prevented Cesar Alcocer from interacting with the appraisers and Newtek. Instead, Rozmeen, Ismail, and Raheel Bhai injected themselves as spokespersons for Cesar Alcocer and Bebos, Inc. In fact, Rozmeen, Ismail, and Raheel Bhai told Cesar Alcocer not to hire an attorney because an attorney would be too expensive and would slow down the process.

11. Rozmeen, Ismail, and Raheel Bhai then told Mr. Alcocer that rather than pay him as they had promised and were legally obligated to do, that they would sell him the Property at what they claimed was a discounted price of $400,000.00.

12. After Rozmeen, Ismail, and Raheel Bhai arranged for an SBA loan from Newtek on behalf of and in the name of Cesar Alcocer, Maria Alcocer, and Bebos, Inc., Rozmeen, Ismail, and Raheel Bhai then arranged for the closing on the sale of their money-losing Property to the Alcocers and Bebos, Inc. At the closing, Rozmeen, Ismail, and Raheel Bhai arranged not only for the Alcocers and Bebos, Inc. to sign a note and guarantees to Newtek, they also included a note payable to Rozmeen Bhai obligating Bebos, Inc. to pay another $333,130.00. The total purchase price at closing was $1,210,400.00, including $540,000.00 for real property and fixtures and $670,400.00 for furniture, equipment, inventory, and goodwill. The sale of the Property closed on or about March 28, 2018. According to the settlement statement for the sale, Rozmeen Bhai received $333,889.50 for the real estate and $465,805.00 for all other assets for a total of $799,694.50 in cash at closing. In addition, another $333,130.00 was included in the promissory note from Bebos, Inc. and payable to Rozmeen Bhai.

13. Rozmeen, Ismail, and Raheel Bhai were not finished fleecing the Alcocers, Bebos, Inc., and Newtek, however. Although Bebos, Inc. and the Alcocers were entitled to the credit card receipts (such as they were) and although the credit card receipts were Newtek's collateral for the loan proceeds, Rozmeen, Ismail, and Raheel Bhai refused to turn over the credit card receipts despite demand from Mr. Alcocer. To this day, Rozmeen, Ismail, and Raheel Bhai have not turned over any of the credit card receipts from the Property generated after closing but upon information and belief delivered electronically to their merchant account.

14. Rozmeen, Ismail, and Raheel Bhai still were not finished fleecing the Alcocers, Bebos, Inc., and Netwek. After the closing, Rozmeen, Ismail, and Raheel Bhai took over the purchase of gasoline for the Property, promising to give Mr. Alcocer and Bebos, Inc. the revenue from sales of the gasoline less their cost of the gasoline. Instead of giving the proceeds to Mr. Alcocer and Bebos, Inc., however, Rozmeen, Ismail, and Raheel Bhai gave Mr. Alcocer and Bebos, Inc. invoices, claiming that Mr. Alcocer and Bebos, Inc. owed them money. In addition, after closing, Rozmeen Bhai and Ismail Bhai cashed checks from the Bebos, Inc. account without authorization.

## CAUSES OF ACTION

### Common Law Fraud and Fraudulent Inducement

15. Plaintiff hereby incorporates all of the foregoing and ensuing allegations as if fully set forth herein.

16. Rozmeen Bhai, Ismail Bhai, and Raheel Bhai's acts and omissions as described above in paragraphs 7 through 12 constitute fraud. Specially, and without limitation, Rozmeen, Ismail, and Raheel Bhai made material misrepresentations of fact before the Purchase Agreement was executed with the intent to induce Cesar Alcocer and Bebos, Inc. to execute the Purchase

Agreement and proceed with the purchase of the Property. Cesar Alcocer and Bebos, Inc. would not have entered into the Purchase Agreement or proceeded with the purchase of the Property had it not been for these material misrepresentations and omissions.

17. These representations were false and were made without privilege. Rozmeen, Ismail, and Raheel Bhai knew or should have known that these representations whether by affirmative statements or through the presentation of information were false when made, or they were made recklessly as positive assertions without knowledge of their truth.

18. Rozmeen, Ismail, and Raheel Bhai made these representations with the intent that Mr. Alcocer, Bebos, and Newtek act on them, and they had reason to expect that Mr. Alcocer and Bebos would execute the Purchase Agreement and proceed with the purchase of the Property in reliance upon their false representations.

19. The representations were material because they substantially influenced Mr. Alcocer and Bebos' decision to execute the Purchase Agreement and to proceed with purchasing the Property. Mr. Alcocer and Bebos relied upon these representations to their detriment, and they were lured and induced into entering into the Purchase Agreement and to proceeding with the transaction to their detriment as a result.

20. Rozmeen Bhai, Ismail Bhai, and Raheel Bhai's false representations and inducements have injured Mr. and Mrs. Alcocer and Bebos in an amount exceeding the minimum jurisdictional limits of this Court. The Alcocers' and Bebos' damages include, but are not limited to, the approximately $1,210,400.00 purchase price for the Property plus incidental and consequential damages, attorneys' fees and costs, and interest. In addition, Rozmeen, Ismail, and Raheel Bhai committed the foregoing acts with the kind of willfulness, wantonness, fraud, and/or

malice for which the law allows the imposition of exemplary damages, for which the Trustee sues on behalf of Bebos and the Estate.

21. The Trustee is entitled to actual damages, exemplary damages, pre- and post-judgment interest and costs, and recovery of attorneys' fees.

**Fraud by Nondisclosure/Omission**

22. Plaintiff hereby incorporates all of the foregoing and ensuing allegations as if fully set forth herein.

23. Rozmeen, Ismail, and Raheel Bhai concealed from and/or failed to disclose material facts to Mr. and Mrs. Alcocer and Bebos that they had a duty to disclose.

24. The facts that they fraudulently failed to disclose are material because Mr. Alcocer and Bebos wanted accurate and complete information in deciding whether to execute the Purchase Agreement and enter into the transaction.

25. Rozmeen, Ismail, and Raheel Bhai had a duty to disclose these facts.

26. Rozmeen, Ismail, and Raheel Bhai knew that Mr. Alcocer and Bebos were ignorant of these facts, and that Mr. Alcocer and Bebos did not have an equal opportunity to discover the facts. Rozmeen, Ismail, and Raheel Bhai were deliberately silent when they had a duty to speak.

27. By failing to disclose the facts, Rozmeen, Ismail, and Raheel Bhai intended to induce Mr. Alcocer and Bebos to execute the Purchase Agreement and therefore to proceed with the purchase of the Property. Mr. Alcocer and Bebos relied upon Rozmeen, Ismail, and Raheel Bhai's nondisclosure and/or omissions to their detriment.

28. Mr. Alcocer, Mrs. Alcocer, and Bebos suffered injury as a result of acting without knowledge of the undisclosed facts. In addition, Rozmeen, Ismail, and Raheel Bhai committed the foregoing acts with the kind of willfulness, wantonness, fraud, and/or malice for which the law

allows the imposition of exemplary damages, for which the Trustee sues on behalf Bebos and the Estate. Bebos and the Trustee on behalf of the Estate are entitled to money damages, exemplary damages, pre- and post-judgment interest, and attorneys' fees and costs. Rozmeen, Ismail, and Raheel Bhai are liable because they intended to, and did, make fraudulent material misstatements to induce Cesar Alcocer and Bebos to execute the Purchase Agreement and proceed with the transaction.

### Statutory Fraud

29. Plaintiff hereby incorporates all of the foregoing and ensuing allegations as if fully set forth herein.

30. Mr. Alcocer, Mrs. Alcocer, and Bebos were parties to a transaction involving real estate in that the Property included real estate.

31. During the transaction, Rozmeen, Ismail, and Raheel Bhai made false representations of fact and false promises to Mr. Alcocer, Mrs. Alcocer, and Bebos.

32. Rozmeen Bhai, Ismail Bhai, and Raheel Bhai's false representations and false promises were material, and Rozmeen, Ismail, and Raheel Bhai made them knowing they were false and for the purpose of inducing Bebos and Mr. Alcocer to enter into the Purchase Agreement and purchase the Property. Bebos justifiably relied on Rozmeen, Ismail, and Raheel Bhai's promises by entering into the Purchase Agreement and purchasing the convenience store.

33. Rozmeen Bhai, Ismail Bhai, and Raheel Bhai's false promises proximately caused injury to Bebos, Mr. Alcocer, and Mrs. Alcocer, including actual damages. Additionally, Rozmeen, Ismail, and Raheel Bhai violated Section 27.01(c) of the Texas Business & Commerce Code with actual awareness of the falsity of their promises, entitling Bebos and the Estate to exemplary damages.

34. 1In addition to actual and exemplary damages, Bebos and the Alcocers are entitled to the remedy of rescission among other remedies. Bebos and the Alcocers also seek and are entitled to recover their costs of court, pre- and post-judgment interest, reasonable and necessary attorneys' fees, expert witness fees, and deposition copy costs from Rozmeen, Ismail, and Raheel Bhai pursuant to Section 27.01(e) of the Texas Business & Commerce Code.

## Liability Under the Texas Theft Liability Act

35. Plaintiff hereby incorporates all of the foregoing and ensuing allegations as if fully set forth herein.

36. Rozmeen, Ismail, and Raheel Bhai hired Cesar Alcocer to perform repair work at the Property.  Mr. Alcocer expected to be paid for this work and Rozmeen, Ismail, and Raheel Bhai promised to compensate him for his work, though they had no intention of actually compensating him for his work.

37. After Cesar Alcocer had completed his work, Rozmeen, Ismail, and Raheel Bhai refused to compensate Cesar Alcocer for his work.

38. As a result of the actions of Rozmeen Bhai, Ismail Bhai, and Raheel Bhai, it became necessary for Plaintiff to hire attorneys to prosecute this action.  Pursuant to Texas Civil Practice & Remedies Code § 134.005(b), Plaintiff as Trustee of the Debtors' Estate is entitled to recover his costs and attorneys' fees incurred in connection with bringing this action.

## Money Had and Received

39. Plaintiff hereby incorporates all of the foregoing and ensuing allegations as if fully set forth herein.

40. Pleading additionally, Rozmeen, Ismail, and Raheel Bhai hold money that in equity and good conscience belongs to Bebos and the Estate.

41. Bebos and/or Mr. and Mrs. Alcocer own the money held by Defendants.

42. Bebos seeks, and is entitled to, actual damages in the amount of money that Rozmeen Bhai, Ismail Bhai, and/or Raheel Bhai received that belongs to Bebos and/or Mr. and Mrs. Alcocer.

## Conversion

43. Plaintiff hereby incorporates all of the foregoing and ensuing allegations as if fully set forth herein.

44. The credit card receipts generated by the Property were the personal property of Bebos and/or Mr. Alcocer.

45. Rozmeen, Ismail, and Raheel Bhai have refused despite demand to return the credit card receipts.

46. As a result of the acts and omissions of Rozmeen, Ismail, and Raheel Bhai as described herein, Plaintiff is entitled to recover damages for the value of the credit card receipts.

## Accounting

47. Plaintiff hereby incorporates all of the foregoing and ensuing allegations as if fully set forth herein.

48. Although Bebos, Inc. and the Alcocers were entitled to the credit card receipts and although the credit card receipts were Newtek's collateral for the loan proceeds, Rozmeen, Ismail, and Raheel Bhai refused to turn over the credit card receipts despite demand from Mr. Alcocer. To this day, Rozmeen, Ismail, and Raheel Bhai have not turned over any of the credit card receipts from the Property generated after closing but upon information and belief were delivered electronically to their merchant account.

49. After the closing, Rozmeen, Ismail, and Raheel Bhai took over the purchase of gasoline for the Property, promising to give Mr. Alcocer and Bebos, Inc. the revenue from sales of the gasoline less their cost of the gasoline. Instead of giving the proceeds to Mr. Alcocer and Bebos, Inc., however, Rozmeen, Ismail, and Raheel Bhai gave Mr. Alcocer and Bebos, Inc. invoices, claiming that Mr. Alcocer and Bebos, Inc. owed them money.

50. Credit card receipts generated at the Property are property of the Estate. Mr. Alcocer and Bebos, Inc. demanded documents and information regarding credit card receipts and Rozmeen, Ismail, and Raheel Bhai have refused to provide such information and documents and an accounting is therefore necessary. Further, although Bebos, Inc. was given some information from Rozmeen, Ismail, and Raheel Bhai regarding alleged gasoline purchases, an accounting is required to assess the completeness and veracity of this information

**Breach of Contract**

51. Plaintiff hereby incorporates all of the foregoing and ensuing allegations as if fully set forth herein.

52. Rozmeen, Ismail, and Raheel Bhai promised to compensate Mr. Alcocer for his work at the Property.

53. Rozmeen, Ismail, and Raheel Bhai breached their promise to compensate Mr. Alcocer for his work at the Property.

54. Rozmeen, Ismail, and Raheel Bhai's breach was the proximate cause of damage to Mr. Alcocer and the Plaintiff is entitled to recover for such breach as Trustee of the Estate.

**Alternative Cause of Action for Quantum Meruit**

55. Plaintiff hereby incorporates all of the foregoing and ensuing allegations as if fully set forth herein.

56. Mr. Alcocer performed work at the Property for Rozmeen, Ismail, and Raheel Bhai for which he expected to be compensated.

57. Rozmeen, Ismail, and Raheel Bhai knew that Cesar Alcocer expected to be compensated for his work at the Property.

58. The Trustee is entitled to recover on behalf of the Estate for the value of the services provided by Debtor Cesar Alcocer.

## EXEMPLARY DAMAGES

59. The acts and omissions of Rozmeen, Ismail, and Raheel Bhai complained of herein were done knowingly, willfully, and intentionally with the specific purpose of enriching themselves at the expense of Bebos and Mr. and Mrs. Alcocer. To punish and to deter Rozmeen Bhai, Ismail Bhai, and Raheel Bhai, Plaintiff also seeks recovery of exemplary damages.

## ATTORNEYS' FEES, COSTS, INTEREST

60. The Trustee is further entitled to recover his reasonable attorneys' fees and expenses through trial and appeal, if any, from Defendants pursuant to Texas Business & Commerce Code § 27.01, Texas Civil Practice & Remedies Code § 38.001, and Texas Business Organizations Code § 101.461.

## RELIEF REQUESTED

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that the Defendants be cited to appear and answer herein, and that upon final trial of this action, Plaintiff have and recover:

1. Judgment against Defendants, jointly and severally, as prayed for herein in an amount to be determined at the time of trial;

2. Additional damages under Texas Civil Practice & Remedies Code §134.005(a)(1);

3. Exemplary damages against Defendants;

4. Pre-judgment interest at the highest rate allowed by law;

5. Post-judgment interest at the highest rate allowed by law, from the date of judgment until said judgment is completely satisfied;

6. Reasonable and necessary attorneys' fees.

7. Such other and further relief, general and special, at law or in equity, to which Plaintiff may be entitled.

Respectfully submitted,

QUILLING, SELANDER, LOWNDS,
 WINSLETT & MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 Telephone
(214) 871-2111 Facsimile

By: _/s/_____
Eric Zukoski, SBN 24010509
John Paul Stanford, SBN 19037350
Tim York, SBN 24035719

ATTORNEYS FOR PLAINTIFF SCOTT SEIDEL, CHAPTER 7 BANKRUPTCY TRUSTEE OF THE BANKRUPTCY ESTATE OF CESAR AND MARIA ALCOCER